536 A.2d 463

Robert Thomas Merryman and his Insurance Carrier, Pennsylvania National Mutual Casualty Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Adam), Respondents.

Submitted on briefs October 9, 1987, to Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

598

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for petitioners.

*James H. DeVittorio,* for respondents.

OPINION BY JUDGE PALLADINO, January 20, 1988:

Robert Thomas Merryman (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board which reversed a referee's decision and granted disability benefits against Petitioner to Richard H. Adam (Claimant). For the reasons set forth below, we vacate and remand.

Petitioner is in the coal transportation business. As part of his operation, Petitioner leases trucks from Gerard A. Hansel (Owner) to be used for the delivery of coal. On August 22, 1978, Claimant, a truck driver, was involved in an accident while operating a truck leased by Petitioner from Owner. Claimant suffered a temporary total disability for injuries sustained in the accident. Neither Petitioner nor Owner disputes that Claimant was injured in the course of his employment or that he is entitled to benefits for his injuries. The merits of the dispute center on which party was Claimant's employer for workmen's compensation purposes at the time of his injuries.

On September 26, 1978, Claimant filed a claim petition against Owner for injuries sustained in the August 22 accident. Subsequently, on November 13, 1978, Claimant filed an amended claim petition for workmen's compensation against Owner and/or Petitioner. This amended petition was captioned *Adam v. Hansel and/or Merryman*. Following several postponements, an evidentiary hearing was held before a referee on February 20, 1979, at which the Claimant and both Owner and Petitioner participated. Several more hearings were held and briefs from all parties were finally received by January 3, 1980.

On February 4, 1980, the referee issued a decision captioned *Adam v. Hansel*, whereby the referee determined Owner to be Claimant's employer and awarded benefits accordingly. On the next day, February 5, 1980, the referee issued a second decision captioned *Adam v. Merryman*. In this decision, the referee stated that "[t]his case was combined for trial with the case of Richard Adam v. Gerard Hansel, and there were seven hearings held in this matter."[1] The referee thereafter made findings of fact and concluded that Petitioner was not Claimant's employer for workmen's compensation purposes.

On February 26, 1980, Claimant appealed the second referee's decision alleging that "the referee erred in dismissing the claim as to Robert Thomas Merryman and in holding that the claimant had failed to show an employer-employee relationship."[2] In a lengthy opinion, the Board, which made no reference to the referee's first captioned *Adam v. Hansel*, sustained Claimant's appeal

---

[1] Referee's decision in *Adam v. Merryman*, filed February 8, 1980.

[2] Appeal from referee alleging error of law, Respondent record at 12a.

and ordered the referee to make further findings with respect to the details of the accident, the resultant disabilities, and his average weekly earnings so as to make an appropriate award of compensation.

Despite the Board's directive, the referee, on remand, again dismissed the claim petition on grounds that Petitioner was not Claimant's employer. Claimant appealed, and the Board reversed and remanded with instructions that the referee award appropriate compensation or the Board would order the case reassigned. The referee subsequently issued a decision in conformance with the Board's directive. Petitioner appealed this final decision to the Board, and the Board affirmed on April 1, 1985.

Petitioner subsequently filed a petition for rehearing with the Board[3] alleging that the Board had erred in affirming the referee's decision awarding benefits against Petitioner. Petitioner argued that the Board's order permitted a circumstance whereby the Claimant gained two awards of compensation for the same work injury and payable by two different employers. The Board denied Petitioner's petition for rehearing in an order dated January 28, 1987 stating that "the defendant's petition is dismissed as moot as the Board has consolidated the prior proceedings in the case of Richard Adam v. Gerard Hansel, and the Commonwealth Court has been provided with the complete record." The matter has now come before this court for review.

Petitioner argues that the procedural posture in which this case has been presented for our review grants to the Claimant two separate compensation claims for one injury and that this constitutes legal error. We agree.

---

[3] Petitioner also filed the present appeal with this court. Proceedings in this appeal were stayed pending the Board's disposition of Petitioner's petition for review.

The Board has made no determination with respect to the legal significance of the prior referee's determination. It is not this court's function to step in and perform the role of the Board in issuing determinations awarding compensation to a particular claimant against a single or joint parties. Rather, our proper appellate function is to make certain that Board orders are free from legal error and supported by substantial evidence. In this case the Board has erred in creating a situation where there exist two separate apparently valid claims against two parties for a single claimant. Accordingly, we vacate the Board's decision and remand for proceedings consistent with this opinion.

## ORDER

AND NOW, January 20, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated and the case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge BARRY dissents.